# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN TERRY BRITT,<br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | )<br>)<br>)  CIVIL ACTION NO. 12-00173-KD<br>)<br>)  CRIMINAL ACTION NO. 10-00116-KD-C<br>)<br>) |

## ORDER

This action is before the Court on the "Application for Issuance of a Certificate of Appealability" (hereinafter, the "Application") (Doc. 231), the "Affirmation in Support of COA" (hereinafter, the "Affirmation") (Doc. 234), and the Transcript Information Form ("TIF") (Doc. 236) filed by Petitioner Stephen Terry Britt ("Britt"), a federal prisoner proceeding *pro se*.

### I.    Procedural History

On July 30, 2013, the Court entered final judgment (Doc. 223) denying Britt's motion to vacate, amend, or correct his sentence pursuant 28 U.S.C. § 2255.  The Court received Britt's "Application" on November 6, 2013.  (Doc. 231).  Pursuant to Federal Rule of Appellate Procedure 4(d), the "Application" was forwarded to this Court by the Clerk of Court for the Eleventh Circuit, who construed the "Application" as a notice of appeal "to be filed as of the date received in [the Eleventh Circuit], November 1, 2013."  (Doc. 231-2).  The "Application" was duly filed in this Court (Doc. 231) and transmitted as such to the Eleventh Circuit (Doc. 232), which has since opened a case for Britt's appeal (Doc. 233).  Britt's "Affirmation" was received by the Court on November 20, 2013 (Doc. 234), and his TIF on November 25, 2013 (Doc. 236).

II.   Issues

A.   Extension of Time to Appeal

"When a final decision is entered on a § 2255 motion, the time for filing a notice of appeal is governed by Federal Rule of Appellate Procedure 4(a)(1), which provides that the notice of appeal must be filed within 60 days of entry of final judgment."[1] Perez v. United States, 277 F. App'x 966, 967 (11th Cir. 2008) (citing Sanders v. United States, 113 F.3d 184, 186 n.1 (11th Cir. 1997)).  Final judgment on Britt's § 2255 motion was entered on July 30, 2013; accordingly, Britt had until September 30, 2013, to file his notice of appeal.[2]  Britt's notice of appeal was not filed until November 1, 2013.

Apparently recognizing that his notice was untimely, Britt filed his "Affirmation" with the Court on November 17, 2013,[3] which the Court construes as a motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).[4]  (Doc. 234).  In

---

[1] Any time needed for service of the judgment does not affect this deadline.  See Cordell v. Pac. Indem. Co., 335 F. App'x 956, 959 (11th Cir. 2009) (per curiam) ("We have held that '[t]he 30-day requirement of Fed. R. App. P. 4(a) is not affected by Fed. R. Civ. P. 6(e); since the appeal time starts from the entry of the judgment and not from service of the notice, Rule 6(e) does not apply so as to enlarge the time allowed for filing the notice of appeal." Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir. 1975) (per curiam).").

[2] The 60th day from July 30, 2013, was September 28, 2013, which was a Saturday. Accordingly, the last day for filing was extended to the next business day, Monday, September 30, 2013.  See Fed. R. App. P. 26(a)(1)(C).

[3] The "Affirmation" was received by and filed with the Court on November 20, 2013. However, the "Affirmation" is dated November 17, 2013, and its accompanying Certificate of Service states that it was delivered to the prison mailroom staff on November 17, 2013.  See Perez, 277 F. App'x at 968 ("Under the 'mailbox rule,' the date of filing with the court is the date a prisoner delivers a petition or other filing to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).").

[4] " 'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

the "Affirmation," Britt acknowledges that the "Application" (i.e. his notice of appeal) was not timely filed but states that this "was out of his control" due to his facility of incarceration being "repeatedly on modified operations (i.e., lockdown(s)) from September 5, through September 23, 2013; then, on October 2, through October 7, 2013; then, also on October 11, 2013, through October 21, 2013." (Id. at 2, ¶ 4).[5] During these periods of lockdown, Britt did not have access to the prison law library. (Id.). Due to these conditions, Britt requests that his notice of appeal be deemed timely.

Under Rule 4(a)(5)(A), the Court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." As the deadline for Britt to file a notice of appeal was September 30, 2013, any motion by him to extend this deadline should have been filed by October 30, 2013. As the "Affirmation" was not filed until November 17, 2013, it too is untimely as a motion under Rule 4(a)(5).

However, the "Application" and accompanying cover letter are dated October 29, 2013. The Court assumes they were delivered to the prison mail room that same day.[6] Thus, Britt's "Application," in addition to a notice of appeal, can also be construed as a timely-filed motion to extend the time to file a notice of appeal, with the "Affirmation" filed as a supplement.

---

[5] Britt has attached a letter from the "unit manager" of his prison facility confirming these dates of lockdown status. (Doc. 234 at 3).

[6] "Unless there is evidence to the contrary, like prison logs or other records, [courts] assume that a prisoner's motion was delivered to prison authorities on the day he signed it." United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) (citing Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

3

The Eleventh Circuit has stated:

> Our case law establishes the following two relevant rules for *pro se* appellants: (1) in criminal cases, we treat a late notice of appeal as a motion for extension of time due to excusable neglect under Rule 4(b) and remand the case to the district court; and (2) in civil cases, we refuse to treat a late notice of appeal as a motion for extension of time due to **excusable neglect** under Rule 4(a)(5) and accordingly dismiss the appeal.

Sanders v. United States, 113 F.3d 184, 186-87 (11th Cir. 1997) (emphasis added).[7] See also In re Williams, 216 F.3d 1295, 1297-98 (11th Cir. 2000) (after quoting the above-stated portion of Sanders, holding: "Federal Rule of Bankruptcy Procedure 8002 is an adaptation of Federal Rule of Appellate Procedure 4(a) . . . Accordingly, we cannot construe Williams's late notice of appeal as a motion for extension of time due to **excusable neglect**." (emphasis added)).

By asserting that extended periods of prison lockdown prevented him from using the prison law library, however, Britt's "Affirmation," appears to assert that he is due an extension for "good cause" rather than for "excusable neglect," thus making the rule for civil cases pronounced in Sanders inapplicable.[8] Accordingly, construing Britt's "Application" as a Rule 4(a)(5) motion for extension of time to file a notice of appeal, the Court finds 1) that the motion, deemed filed on October 29, 2013, is timely, 2) that Britt has shown "good cause" to be granted an extension, and 3) accordingly, the motion is due to be **GRANTED**, such that the time for Britt to file a notice of Appeal is extended to fourteen days from the date of entry of this Order,

---

[7] For purposes of appeal, § 2255 proceedings are considered civil cases governed by Federal Rule of Appellate Procedure 4(a). See Rule 11(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

[8] See Fed. R. App. P. 4, Advisory Committee Notes (2002 Amendments) ("The good cause and excusable neglect standards have 'different domains.' Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault-- excusable or otherwise. In such situations, the need for an extension is usually occasioned by

pursuant to Rule 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."). As Britt's notice of appeal was deemed filed November 1, 2013 (see Doc. 231), it is thus timely.

### B. Certificate of Appealability

To the extent Britt's "Application" requests a certificate of appealability from this Court, such a request is due to be **DENIED** for the reasons stated in the Court's previous Order (Docs. 220, 222-223).

### C. Transcript Request

Britt has submitted a TIF requesting transcripts for "pre-trial proceedings" that include "post-arrest and up to final judgment," as well as "sentenc[ing]" and "Rule 32 proceedings." (Doc. 236 at 1). Britt's TIF seeks authorization for government payment of these transcripts pursuant to the Criminal Justice Act.

> . . . Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal . . .

28 U.S.C. § 753(f).

The Court has previously ruled that Britt is not entitled to proceed *in forma pauperis* on appeal (Docs. 220, 222-223); thus, Britt is not entitled to transcripts furnished at government expense.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** as follows:

---

something that is not within the control of the movant.").

1. Britt's "Application for Issuance of a Certificate of Appealability" (Doc. 231) and "Affirmation in Support of COA" (Doc. 234) are **GRANTED** to the extent they are construed as a timely-filed motion for extensions of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), such that the deadline for Britt to file a notice of appeal is extended to 14 days from the date of entry of this Order;

2. Britt's "Application for Issuance of a Certificate of Appealability" (Doc. 231) and "Affirmation in Support of COA" (Doc. 234) are **DENIED** to the extent they request the Court to issue a certificate of appealability; and

3. Britt is not entitled to be furnished transcripts at government expense pursuant to 28 U.S.C. § 753(f).

**DONE** and **ORDERED** this the **6th** day of **December 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**